UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Joshua Povill and Gary Povill,
     Plaintiffs

     v.                                  Case No. 11-cv-287-SM
                                         Opinion No. 2012 DNH 153
Mid American Property Management, Inc.,
     Defendant

**O R D E R**

Defendant, Mid American Property Management, Inc. ("Mid American") seeks to set aside a default entered against it after it failed to timely appear. Because I find good cause exists to set aside the default, that motion (document no. 30) is granted.

This case arises from significant water damage to plaintiffs' real property that allegedly resulted when a mortgage lender (Bank of America) wrongfully took possession of the property, changed the locks (precluding plaintiffs' access), and then failed to reasonably heat the building in winter, which caused water pipes to burst and flood the premises. Mid American says it acted at all times as Bank of America's agent. When served with process in this case, Mid American forwarded the suit papers to Bank of America, which was also named as a defendant, reasonably believing that Bank of America would handle the matter on its behalf.

Bank of America subsequently filed an appearance on behalf of itself and Mid American in the original action filed in state court, and later removed the case to federal court, but apparently only on behalf of itself.  Subsequently Bank of America settled the claims against it.

Without belaboring the matter, the default is set aside because Mid American (through its president and sole shareholder, Brandon Johnson) reasonably thought Bank of America was handling the litigation on its behalf; subsequent correspondence from Bank of America's counsel advising Mid American to file a separate appearance was not brought to Johnson's attention by Mid American clerical staff, through error (clerical staff merely "filed" the correspondence based on the same misapprehension that Bank of America was handling the matter); Johnson did not willfully ignore the matter or intentionally fail to respond in a timely manner, and the default by Mid American was not willful; Mid American (through Johnson) promptly appeared at the hearing on plaintiffs' default judgment motion, after a different employee brought the pending damages hearing to his attention and he realized that a mistake had been made; Mid American complied with the court's directive to obtain legal counsel and file appropriate pleadings within thirty (30) days; Mid American's motion to set aside default sets forth plausible and potentially

meritorious defenses related to causation; the amount involved is not immodest to either party; setting aside the default will not substantially prejudice plaintiffs since the merits of the case relates almost exclusively to Mid American's own conduct (and plaintiffs') and there is little chance of loss of relevant evidence or discovery difficulties; setting aside the default is also consistent with the recognized policy preference for resolving civil disputes on the merits; Mid American, through Johnson, acted in subjective good faith albeit carelessly and naively; and plausible and potentially meritorious cross-claims are likely.  All of which is to say that good cause exists to set aside the default.  Fed. R. Civ. P. 55(c); Indigo America, Inc. v. Big Impressions, LLC, 597 F.3d 1 (1st Cir. 2010).

## Conclusion

The motion to set aside default (document no. 30) is granted, but conditioned on Mid American's payment of plaintiffs' reasonable attorney's fees associated with pursuing the default.  The court would not expect fees exceeding $1,500.00 to be reasonable.  If the parties cannot agree on a reasonable figure, plaintiffs' counsel shall file a well-supported motion for reimbursement which will be considered in due course.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 31, 2012

cc: W. E. Whittington, Esq.
    Jennifer T. Beaudet, Esq.
    Thomas J. Pappas, Esq.
    Michael J. Ramsdell, Esq.